# UNITED STATES BANKRUPTCY COURT
## NORTHERN **DISTRICT OF** ILLINOIS
## EASTERN **DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| Martha Robbins | § | Case No. 15-03081 |
| | § | |
| Debtor | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1.  A petition under chapter 7 of the United States Bankruptcy Code was filed on 01/30/2015 .  The undersigned trustee was appointed on 01/30/2015 .

2.  The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3.  All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

| | | |
|---|---|---|
| 4.  The trustee realized gross receipts of | $ | 9,000.00 |

Funds were disbursed in the following amounts:

| | |
|---|---|
| Payments made under an interim disbursement | 0.00 |
| Administrative expenses | 0.00 |
| Bank service fees | 114.48 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 0.00 |
| Other payments to the debtor | 0.00 |

| | | |
|---|---|---|
| Leaving a balance on hand of[1] | $ | 8,885.52 |

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6.  The deadline for filing non-governmental claims in this case was  10/06/2015  and the deadline for filing governmental claims was  10/06/2015 . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7.  The Trustee's proposed distribution is attached as **Exhibit D**.

8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 1,650.00 .  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $ 0.00  as interim compensation and now requests a sum of $ 1,650.00 , for a total compensation of $ 1,650.00 [2].  In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00 , and now requests reimbursement for expenses of $ 16.83 , for total expenses of $ 16.83 [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 12/16/2017                    By:/s/Joji Takada, Chapter 7 Trustee
                                                   Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

Case 15-03081   Doc 46   Filed 01/25/18   Entered 01/25/18 08:45:41   Desc Main
Document   Page 3 of 8

## FORM 1
### INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
### ASSET CASES

Exhibit A

| Case No: | 15-03081 | BWB | Judge: | Bruce W. Black | | Trustee Name: | Joji Takada, Chapter 7 Trustee |

| Case Name: | Martha Robbins | | Date Filed (f) or Converted (c): | 01/30/2015 (f) |
| | | | 341(a) Meeting Date: | 02/26/2015 |
| For Period Ending: | 12/16/2017 | | Claims Bar Date: | 10/06/2015 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description<br>(Scheduled and Unscheduled (u) Property) | Petition/<br>Unscheduled<br>Values | Est Net Value<br>(Value Determined<br>by Trustee, Less<br>Liens, Exemptions,<br>and Other Costs) | Property Formally<br>Abandoned<br>OA=554(a) | Sale/Funds<br>Received by<br>the Estate | Asset Fully<br>Administered<br>(FA)/<br>Gross Value of<br>Remaining<br>Assets |
| 1.  Residence At 1885 Harvey Road, Oswego, Il 60543 | 281,000.00 | 0.00 | | 0.00 | FA |
| 2.  Cash On Hand. | 50.00 | 0.00 | | 0.00 | FA |
| 3.  Chase Bank Checking Account. | 1,638.94 | 0.00 | | 0.00 | FA |
| 4.  West Suburban Bank Checking Account. | 1,500.00 | 0.00 | | 0.00 | FA |
| 5.  Household Goods And Furnishings. | 800.00 | 0.00 | | 0.00 | FA |
| 6.  Wearing Apparel. | 800.00 | 0.00 | | 0.00 | FA |
| 7.  Sep Ira | 275,000.00 | 0.00 | | 0.00 | FA |
| 8.  100 % Ownership Of Martha Robbins And Associates.  Closed 20 | 0.00 | 0.00 | | 0.00 | FA |
| 9.  2011 Nissan Rogue. | 10,325.00 | 0.00 | | 0.00 | FA |
| 10.  Farming equipment implements (u)<br><br>John Deer tractor 2305 Model 200x; Frong end loader tractor series 380 Model 200CX | 7,000.00 | 0.00 | | 9,000.00 | FA |
| INT.  Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.00 | FA |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)          $578,113.94          $0.00          $9,000.00          $0.00

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Compromised with Debtor re: tractor. - Joji Takada 9/30/2015

Consulting with accountant re: estate tax returns. - Joji Takada 12/22/2015

Consulting with accountant re: estate tax returns. - Joji Takada 6/22/2016

TFR in process.  - Joji Takada 11/20/2016

Initial Projected Date of Final Report (TFR): 06/30/2016          Current Projected Date of Final Report (TFR): 06/30/2017

Case 15-03081   Doc 46   Filed 01/25/18   Entered 01/25/18 08:45:41   Desc Main
FORM 2
ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD
Document   Page 4 of 8

Case No: 15-03081
Case Name: Martha Robbins

Trustee Name: Joji Takada, Chapter 7 Trustee
Bank Name: Associated Bank
Account Number/CD#: XXXXXX0098
Checking

**Exhibit B**

Taxpayer ID No: XX-XXX5060
For Period Ending: 12/16/2017

Blanket Bond (per case limit): $5,000,000.00
Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 07/23/15 | 10 | Martha Robbins & Associates | Settlement payment Payment from debtor re compromise of interest in tractor and trailer | 1229-000 | $8,600.00 | | $8,600.00 |
| 08/07/15 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.00 | $8,590.00 |
| 08/11/15 | 10 | Martha Robbins | Settlement payment Remaining proceeds re compromise of tractor and trailer | 1229-000 | $400.00 | | $8,990.00 |
| 09/08/15 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $13.17 | $8,976.83 |
| 10/07/15 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $12.92 | $8,963.91 |
| 11/06/15 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $13.33 | $8,950.58 |
| 12/07/15 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $12.88 | $8,937.70 |
| 01/08/16 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $13.29 | $8,924.41 |
| 02/05/16 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $13.27 | $8,911.14 |
| 03/07/16 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $12.39 | $8,898.75 |
| 04/07/16 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $13.23 | $8,885.52 |

|  | Deposits | Disbursements |
|---|---|---|
| COLUMN TOTALS | $9,000.00 | $114.48 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $9,000.00 | $114.48 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $9,000.00 | $114.48 |
| Page Subtotals: | $9,000.00 | $114.48 |

**UST Form 101-7-TFR (5/1/2011)** *(Page: 4)*

Exhibit B

TOTAL OF ALL ACCOUNTS

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX0098 - Checking | $9,000.00 | $114.48 | $8,885.52 |
| | $9,000.00 | $114.48 | $8,885.52 |
| | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $9,000.00 |
| Total Gross Receipts: | $9,000.00 |

Page Subtotals:                $0.00        $0.00

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 15-03081
Case Name: Martha Robbins
Trustee Name: Joji Takada, Chapter 7 Trustee

Balance on hand                                        $           8,885.52

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Joji Takada | $        1,650.00 | $          0.00 | $        1,650.00 |
| Trustee Expenses: Joji Takada | $          16.83 | $          0.00 | $          16.83 |

Total to be paid for chapter 7 administrative expenses        $        1,666.83

Remaining Balance                                              $        7,218.69

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 0.00  must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 42,508.46  have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 17.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Pyod, Llc Its Successors And Assigns As Assignee | $        13,573.58 | $        0.00 | $        2,305.03 |
| 2 | Pyod, Llc Its Successors And Assigns As Assignee | $        18,203.40 | $        0.00 | $        3,091.26 |
| 3 | American Express Centurion Bank | $        1,573.13 | $        0.00 | $        267.15 |
| 4 | Portfolio Recovery Associates, Llc | $        9,158.35 | $        0.00 | $        1,555.25 |

Total to be paid to timely general unsecured creditors        $                7,218.69

Remaining Balance        $                0.00

Tardily filed claims of general (unsecured) creditors totaling $ 0.00  have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00  have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be  0.0  percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE